UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

JOHN A. BURKE and DAVID D'ARPINO,
        Defendants.

-------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 5 2010 ★
BROOKLYN OFFICE

09 CR 135 (SJ)

<u>ORDER</u>

A P P E A R A N C E S:

UNITED STATES ATTORNEY
Benton J. Campbell
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Evan Norris
       Jacquelyn Rasulo
       Greg Andres
       John Buretta
Attorneys for the Government

MICHAEL ROSEN, ATTORNEY AT LAW
61 Broadway, Suite 1105
New York, NY 10006
By:   Michael Rosen
Attorney for Defendant D'Arpino

HOWARD L. JACOBS
401 Broadway
Suite 1902
New York, NY 10013
(212) 431-3710
Fax: (212) 274-0109
Email: marshahaber@msn.com
By:   Howard L. Jacobs
Attorney for Defendant Burke

1

LAW OFFICES OF RICHARD JASPER
276 Fifth Avenue
Suite 501
New York, NY 10001
(212) 689-3858
Fax: (212) 689-0669
Email: ricjasp@aol.com
By:    Richard Jasper
Attorney for Defendant Burke

JOHNSON, Senior District Judge:

Before the Court is Defendant John A. Burke's ("Defendant Burke") motion for severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. Defendant Burke claims that he would suffer undue prejudice from the mutually antagonistic defenses anticipated in a joint trial with co-defendant David D'Arpino ("Defendant D'Arpino"). Both Defendants Burke and D'Arpino are charged with multiple criminal acts, including the murder of John Gebert. Defendant Burke was acquitted of the Gebert murder in New York State Supreme Court for Queens County in 2002. Defendant D'Arpino plans to present evidence from the witnesses the Government called against Defendant Burke in the 2002 trial to implicate Defendant Burke and exculpate himself in the case before this Court.

Based on the submissions of the parties and for the following reasons, Defendant Burke's motion is DENIED.

## STANDARD

"There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Beyond ensuring efficiency and fairness to the criminal justice system, joint trials mitigate against inconvenience to witnesses, favoring the "last-tried defendants," and inconsistent verdicts. See Richardson v. Marsh, 481 U.S. 200, 210 (1987).

Motions to sever are committed to the sound discretion of the trial judge. See United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988), cert. denied, 488 U.S. 966 (1988). "In exercising this discretion, the Court must pay heed to the powerful institutional interests in judicial economy favoring joint rather than separate trials." United States v. Henry, 861 F. Supp. 1190, 1199 (S.D.N.Y. 1994). For example, consideration of "the burdens upon the criminal justice system imposed by separate trials has given rise to a strong presumption in favor [of] joint trials and led courts to erect high barriers to defendants who move for severance." Id.; see also United States v. Santiago, 174 F. Supp. 2d 16, 22 (S.D.N.Y. 2001). The moving defendant bears the burden of showing "facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." Chang An-Lo, 851 F.2d at 556; see also United States v. Friedman, 854 F.2d 535, 563 (2d Cir. 1988) (holding that defendant claiming prejudicial spillover from joint trial "bears an extremely heavy burden").

3

However, mere antagonism between the defenses is not enough. "The mere fact that codefendants seek to place the blame on each other is not the sort of antagonism that requires a severance." United States v. Villegas, 899 F.2d 1324, 1346 (2d Cir. 1990) (citing United States v. Casamento, 887 F.2d 1141, 1154 (2d Cir. 1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990)). Severance is required only when "'the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant.'" United States v. Potamitis, 739 F.2d 784, 790 (2d Cir. 1984) (quoting United States v. Carpentier, 689 F.2d 21, 28 (2d Cir. 1982), cert. denied, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983) (quoting United States v. Berkowitz, 662 F.2d 1127, 1134 (5th Cir. 1981))). Alternatively, appellants must show that "the jury will infer that both defendants are guilty solely due to the conflict." United States v. Herring, 602 F.2d 1220, 1225 (5th Cir. 1979), cert. denied, 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 732 (1980).

## DISCUSSION

The defendant here has failed to demonstrate prejudice. Defendant Burke claims that Defendant D'Arpino's anticipated defense is "so antagonistic" to Defendant Burke that he cannot get a fair trial at a joint trial. In sum and substance, Defendant Burke asserts that the "mutually antagonistic defenses" that may be presented would create a "second prosecutor" effect that would tilt the scales of

4

justice against him. However, Defendant Burke fails to demonstrate that the conflict presented is anything more than mere finger-pointing that often occurs between co-defendants in a complex trial.

Defendant Burke's argument that he will suffer undue or substantial prejudice if tried alongside Defendant D'Arpino fails for three reasons. First, "[a] defendant's claim that he [will be] prejudiced by the admission of evidence at a joint [] trial is insupportable when the evidence [would be] admissible against him in a separate trial alone . . ." United States v. Salameh, 152 F.3d 88, 115 (2nd Cir. 1998) (citing, United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993) (such evidence is neither spillover nor prejudicial)). Defendant Burke is charged with five counts, four of which relate to the Gebert murder. The witness evidence Defendant Burke claims would cause him prejudice would be admissible – and the Government has indicated it would be introduced - at a separate trial. While "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence." Zafiro, 506 U.S. at 540.

Second, Defendant Burke has not made a showing that a jury could not make a reliable judgment about his guilt or innocence. There is no indication that "the acquittal of [Defendant D'Arpino] necessitates the conviction of [Defendant Burke]." United States v. Tootick, 952 F.2d 1078, 1081 (9th Cir.

5

P-049

1991). Here, it is very possible that the jury could conclude that neither Burke nor D'Arpino was the shooter in this case.

Third, this Court routinely presides over multiple defendant trials and routinely instructs juries that they are to consider each defendant individually. Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and "juries are presumed to follow their instructions." Zafiro, 506 U.S. 534, 540-41, 113 S.Ct. 933 (1993) (citing Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987)). There is no reason to stop this practice, as a limiting instruction "would suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

This Court must also consider the interests of judicial economy in rendering its decision on this matter. Joint trials "play a vital role in the criminal justice system." Richardson v. Marsh, 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id., at 210, 107 S.Ct., at 1708. Here, any alleged prejudice does not outweigh the interests of judicial economy. The Government has asserted that the evidence and witnesses it intends to present against Defendants Burke and D'Arpino almost completely overlap. (Pl. Resp. at 6). It would not serve the interests of this Court or justice to conduct two near identical trials on the same set of material facts. Furthermore,

P-049

the Court declines to conduct an in camera inspection of defendant's statements as this would be an unnecessary exercise in light of the preceding discussion.

## CONCLUSION

For the above reasons, Defendant Burke's motion for severance is DENIED.

SO ORDERED.

DATED:

March 31, 2010  
Brooklyn, New York

s/Sterling Johnson, Jr.
-----------------------
Sterling Johnson, Jr., Senior U.S.D.J.