

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:JMK/EMN  
F.#2009R00579

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

March 12, 2012

<u>By ECF & Hand Delivery</u>

The Honorable Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. John Burke</u>
            <u>Criminal Docket No. 09-135 (S-5) (SJ)</u>

Dear Judge Johnson:

     The government respectfully submits this letter in reply to the defendant John Burke's opposition to the government's August 11, 2011 motions <u>in limine</u> for an anonymous and partially sequestered jury and to preclude reference to prior acquittals, and its September 16, 2011 supplemental memorandum. In his opposition, the defendant opposes an anonymous and partially sequestered jury because he alleges that the government has not established that there is a "strong reason to believe the jury needs protection," the presumption of innocence would be endangered by an anonymous jury and the defendant's ability to conduct meaningful voir dire would be impaired.  (Defendant's Memorandum of Law in Opposition to the Government's Motion to Admit Certain Evidence <u>In Limine</u> and the Government's Motion for an Anonymous, Fully Escorted and Partially Sequestered Jury ("Def. Mem."), Docket No. 256, at 12-19).[1]  He further argues that an anonymous and partially sequestered jury would give the "unjust impression" that the defendant is dangerous.  (<u>Id.</u> at 15).  For the reasons set forth below, the defendant's arguments are meritless.

---

    [1]    In his response, the defendant does not oppose the government's motion to preclude reference to his prior acquittals.

I.   There Is a Strong Reason to Believe the Jury
     Needs Protection In this Case

In his opposition, the defendant argues that, "it cannot be the case that solely because the defendant is charged with a violent crime and has ties to organized crime that warrants empanelment of an anonymous and partially sequestered jury." (Def. Mem. at 15). The defendant then attempts to minimize the instances set forth in the government's September 16, 2011 supplemental memorandum of prior interference with the judicial process by the defendant and his family members and associates. (Id. at 18). The defendant's arguments are unavailing.

It is well settled law that "the invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991). The Vario court defined "something more" to include: (1) a "demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf," or (2) "a showing that trial evidence will depict a pattern of violence by the defendants and his associates such as would cause a juror to reasonably fear for his own safety." Id. Here, the government has shown that an anonymous and partially sequestered jury is warranted.

First, the defendant is dangerous. As detailed in the government's motion, the defendant is charged with participating in the affairs of the Gambino organized crime family of La Cosa Nostra (the "Gambino crime family") over a thirty-year period, including predicate acts involving three violent murders, narcotics trafficking, weapons possession and a robbery. (Government's Memorandum of Law in Support of Motions In Limine for Anonymous, Sequestered Jury and To Preclude Reference to Prior Acquittals ("Govt. Mem."), Docket No. 236, at 11-12). Considering the Gambino crime family's long history of obstruction and prior attempts to interfere with various judicial proceedings, and the defendant's violent history, including three charged murders, and the potential for mandatory life imprisonment in this case, the risk that the defendant or his family members and close associates could participate in jury tampering or cause jurors to fear for their safety is real and significant.

Second, the defendant, his family members and his close associates have a demonstrated history of engaging in obstructionist behavior relating to his two prior murder trials.

3

As set forth in the government's September 16, 2011 supplemental memorandum, on November 22, 1982, a state grand jury in Queens, New York returned an indictment against the defendant, charging him with the murder of Daniel Zahn, which is the subject of Racketeering Act Two of Count One. People v. John Burke, Ind. Nos. 4115/82 and 3617/82. (Government's September 16, 2011 Supplemental Memorandum ("Govt. Supp. Mem."), Docket No. 252, at 1). On November 15, 1982, the defendant was acquitted by a jury of the Zahn murder. (Id.) In a 2010 interview (prior to the filing of the government's motion in limine requesting an anonymous and partially sequestered jury), a witness who testified at the Zahn murder trial told the government that, before he/she testified at the trial, Anthony Burke, the defendant's brother, tried to intimidate him/her by making threatening telephone calls to him/her. (Id.) Additionally, following the acquittal, the witness was repeatedly threatened by the defendant, Anthony Burke and another individual.

In 2001, the defendant was arrested for the murders of Bruce Gotterup and John Gebert (the allegations charged in Racketeering Acts Three and Five of Count One, respectively).[2] People v. John Burke, Ind. No. 1371/01. (Id.). On November 27, 2002, the defendant was acquitted by a jury of the Gebert murder but convicted of the Gotterup murder. As set forth in the government's supplemental memorandum, two separate witnesses reported that Anthony Burke and another Gambino crime family associate attempted to intimidate them prior to and during their testimony.[3] (Id.). In his opposition, the defendant minimizes these instances of prior interference with the judicial process by claiming that his ability to tamper with a jury is "questionable at best" because he has been incarcerated since 2001. (Def. Mem. at 18). The defendant's argument, however, does not overcome the evidence establishing that the defendant's family members and close associates, who are not incarcerated,

---

[2] The Gebert murder is also the subject of Counts Two, Three and Five of the superseding indictment.

[3] In his opposition, the defendant dismisses the government's proffered instances of obstructionist behavior by Anthony Burke during the 2002 Gotterup/Gebert murder trial by stating that "Anthony Burke testified under oath that he did not engage in any witness intimidation during Burke's state trial." (Def. Mem. at 18). Considering Anthony Burke's demonstrated disregard for the integrity of the judicial process, the fact that he denied intimidating witnesses during the 2002 state trial is not surprising.

4

have acted in an obstructionist manner in relation to both of the defendant's prior murder trials. To suggest that they will not behave in a similar fashion with respect to this trial is without basis. Additionally, although the defendant was sentenced in 2003 to 25 years to life imprisonment for the murder of Bruce Gotterup, due to an issue regarding the way in which the defendant was sentenced, the defendant's earliest release date is March 1, 2014, according to New York State Department of Corrections records. Thus, considering the strength of the evidence in this case and the fact that the defendant is facing mandatory life imprisonment, he and his family members and close associates have a powerful incentive to obstruct justice, tamper with the jury and/or intimidate witnesses.[4]

II. The Use of an Anonymous and Partially Sequestered Jury Would Not Endanger the Presumption of Innocence or Impair the Defendant's Ability to Conduct a Meaningful Voir Dire

The defendant also argues that the empanelment of an anonymous and partially sequestered jury will endanger the presumption of innocence and impair his ability to conduct a meaningful voir dire. (Def. Mem. at 12-14). The defendant's arguments are without merit.

As set forth in the government's motion, the Court can provide an instruction to the jury to neutralize any risk of prejudice to the defendant by the empanelment of an anonymous and partially sequestered jury. (Govt. Mem. at 14-16). For example, courts have commonly explained to jurors that their privacy and their identities require protection from the media and the public. See, e.g., United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994); United States v. Amuso, 21 F.3d 1251, 1265 (2d Cir. 1994); United States v. Tutino, 883 F.2d 1125, 1133 (2d Cir.

---

[4] The fact that the defendant is not charged with obstruction of justice is not dispositive. In United States v. Gambino, 818 F. Supp. 536 (E.D.N.Y. 1993), a case upon which the defendant heavily relies, while the court noted that whether the defendants had been charged with jury tampering or obstruction of justice has traditionally been a "crucial factor" in deciding whether an anonymous jury is warranted, it noted that "[t]here is no evidence that these defendant either participated in or directed efforts to obstruct justice, tamper with juries or intimidate witnesses." Id. at 540. As set forth above, unlike the defendants in Gambino, in this case the government has demonstrated a history of interference with the judicial process on the defendant's behalf.

1989).  Alternately, courts have explained the jury's partial anonymity be telling prospective jurors that anonymity would allow them to answer voir questions candidly.  Regarding the use of partial sequestration, the government proposed in its motion that the Court explain to the jurors that transportation is being provided to protect their privacy and to ensure that trial can proceed expeditiously.[5]  (Govt. Mem. at 15-16).  Notably, the defendant does address in his opposition why the government's proposed instructions to the jury would be insufficient to ensure that the presumption of innocence is preserved in this case.

Additionally, the defendant's argument that an anonymous and partially sequestered jury would impede his ability to conduct voir dire effectively is without basis.  As set forth in the government's motion, the information kept from the government and the defendant if the Court grants the government's request for an anonymous jury is not necessary to conduct informed decision-making during the voir dire process.  (Govt. Mem. at 14).  The common practice of using extensive voir dire in this District, including the use of jury questionnaires, further acts to safeguard the integrity of the voir dire process.[6]

## Conclusion

For the reasons set forth above and in the government's prior submissions, the government respectfully submits that the

---

[5] As noted in the government's August 16, 2011 letter, the government has conferred with the U.S. Marshal Service, which is prepared to begin making the necessary transportation arrangements if the Court orders a partially sequestered jury in this case.  (Government's August 16, 2011 Letter, Docket No. 240).

[6] To this end, the government and the defendant intend to submit a joint jury questionnaire to the Court in the upcoming weeks to facilitate a thorough voir dire process.

 6

Court should grant the government's motions for an anonymous, partially sequestered jury and to preclude any references to the defendant's prior acquittals.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  UNITED STATES ATTORNEY

                   By:           /s/
                                  Jacquelyn M. Kasulis
                                  Evan M. Norris
                                  Whitman G.S. Knapp
                                  Assistant U.S. Attorneys
                                  (718) 254-6103/6376/6107

cc: Counsel of record (via ECF)

Case 1:09-cr-00135-SJ-JO   Document 288   Filed 03/12/12   Page 6 of 6 PageID #: 2269