# RICHARD JASPER

**Attorney at Law**
276 FIFTH AVENUE
SUITE 501
NEW YORK, NEW YORK 10001
Phone (212) 689-3858
Fax (212) 689-0669

March 21, 2012

**BY HAND & ECF**
The Honorable Sterling Johnson, Jr.
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. John Burke</u>
09 Cr. 135 (S-5) (SJ)

Dear Judge Johnson:

We respectfully submit this letter to request oral argument concerning the Government's <u>in</u> <u>limine</u> motion to admit evidence of voluminous prior uncharged acts in this case. We make this request because neither, the Government's initial memorandum or reply memorandum, proffers sufficient facts to support the admission of the numerous alleged uncharged crimes.

As detailed in our initial memorandum, we argued, that the Government should be required to provide additional proof that the alleged uncharged crimes (1) provide proof of the existence of the enterprise or (2) in the alternative, are admissible for some purpose other than propensity and (3) are more probative than prejudicial. Instead, the Government provided additional legal argument as support for the admission of the uncharged crimes.

Hon. Sterling Johnson, Jr.
March 21, 2012
Page 2 of 4

Moreover, in most cases, the Government's proffer does not meet the minimal standard of proof required in the context of the Federal Rule of Evidence 404(b), whether a "jury could 'reasonably conclude that the act occurred and that the defendant was the actor.'" United States v. Gilan, 967 F.2d 776, 780 (2d Cir. 1992) (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988).) For instance, the Government relates the uncharged crimes of "assaults in the late 1970s" in their memorandum, at ¶ B.1. The Government indicates that during the "late 1970s" Burke robbed unnamed drug dealers and shot, but did not kill, one of the drug dealers. (See Govt. Mot. at 9). The alleged victims are unnamed and the time period is specified in the late 1970's. In addition to the fact the Government fails to meet the minimum standard of proof in the context Fed. R. Evid. 404(b), the allegations provide no basis to determine any relation to charged enterprise – the Gambino crime family. As argued in detail in our original motion, the Government's proffered facts do not allege, if, at the time of the uncharged crimes, the participants, in fact, had any affiliation with the Gambino crime family, or how the Gambino crime benefitted from alleged crimes. United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989). In late 1970's, Burke was approximately 18-20 years old. Also, a critical fact to be considered is that Burke has been incarcerated for 25 of the 30 years specified in the charged racketeering conspiracy. The superseding indictment charges Burke with racketeering conspiracy in violation of 18 U.S.C. § 1962(d), from 1980 to 2010. Burke has been continuously incarcerated since 2001.

Hon. Sterling Johnson, Jr.
March 21, 2012
Page 3 of 4

For the reasons stated in this letter, and our response to the Government's <u>in limine</u> motion, we respectfully request oral argument concerning the admission of certain uncharged crimes as proffered by the Government.

                                                              Respectfully submitted,

                                                               _____

                                                               Howard Jacobs
                                                               Richard Jasper
                                                               Ying Stafford
                                                               *Attorneys for John Burke*