

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EMN
F.#2009R00579

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 30, 2012

By ECF

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. John Burke
            Criminal Docket No. 09-135 (S-7) (SJ)

Dear Judge Johnson:

      The government respectfully encloses its proposed instruction with respect to the statute of limitations and withdrawal.  As discussed during the charge conference, the proposed instruction is based on the prior instructions of Judge Weinstein on the same issues in United States v. Carneglia, 08 CR 76 (JBW), and United States v. Eppolito et al., 05 CR 192 (JBW), which are attached hereto for the Court's reference, as well as United States v. Leslie, 658 F.3d 140, 144 (2d Cir. 2011), which the defendant cited in his requests to charge regarding the issue of imprisonment.

      The government proposes to replace the instructions for the "Statute of Limitations" and the "Defense of Withdrawal" currently at pages 96 and 97 of the Court's proposed charge (under the header "ADDITIONAL CONSIDERATIONS FOR COUNT ONE"), with the following:

**ADDITIONAL CONSIDERATIONS FOR COUNT ONE**

**Statute of Limitations**

      With respect <u>only</u> to Count One (Racketeering Conspiracy), a five-year statute of limitations applies.  This means that the defendant cannot be convicted under Count One of a racketeering conspiracy crime if the conspiracy ended five years

or more before he was indicted.  In this case, the defendant JOHN BURKE was indicted on July 31, 2008.

In order to convict the defendant of the charged racketeering conspiracy, you must find: (1) that the charged enterprise continued to exist as of July 31, 2003; (2) that the racketeering conspiracy charged in Count One continued to exist as of July 31, 2003; and (3) that the defendant continued to be a member of the charged racketeering conspiracy as of July 31, 2003.  A charged racketeering act need not have been committed on or after July 31, 2003.

A racketeering conspiracy continues to exist until the purpose or objective of the conspiracy is either accomplished or abandoned.  Here, the indictment alleges that "the principal purpose of the Gambino crime family was to generate money for its members and associates."

If you find that the defendant was at one time engaged in the charged racketeering conspiracy but that the conspiracy was not ongoing as of July 31, 2003, you must acquit the defendant of the racketeering conspiracy charged in Count One.

**Defense of Withdrawal**

The defendant has raised the defense that, even if the racketeering conspiracy existed as charged, he was not a member of the conspiracy as of July 31, 2003, because, if he was ever a member, he withdrew from the conspiracy prior to that date.

Once a person joins a conspiracy, that person remains a member until he terminates his relationship, by withdrawal from it.  Any withdrawal must be complete and it must be done in good faith.

A person can withdraw from a conspiracy by taking affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy.  The defendant must have taken positive action which disavowed or defeated the purpose of the conspiracy, for example, by doing acts which are inconsistent with the objects of the conspiracy and making reasonable efforts to communicate those acts to his coconspirators.

Incarceration of the defendant may be evaluated by you as proof of withdrawal upon his being imprisoned.  Whether imprisonment constitutes a withdrawal should be considered in light of the length and location of the internment, the nature of the conspiracy, and any other available evidence.  The

defendant's imprisonment is but one fact to consider in deciding whether withdrawal occurred.  A defendant may remain a member of the conspiracy while he is in prison.

The defendant has the burden of proving by a preponderance of the evidence that he withdrew from the conspiracy.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.  Whether something has been proved by a preponderance is determined by considering all of the evidence.

In determining whether the defendant has proven that he withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them.  If the evidence appears to be equally balanced, or if you cannot say upon which side its weight is heavier, the defendant has not met his burden of proof on the issue.  The fact that the defendant has raised this defense does not relieve the government of its burden of proving beyond a reasonable doubt all elements necessary to convict of Count One.

            Respectfully submitted,

            LORETTA E. LYNCH
            United States Attorney

      By:   /s/
         Jacquelyn M. Kasulis
         Evan M. Norris
         Whitman G.S. Knapp
         Assistant U.S. Attorneys
         (718) 254-6103/6376/6107

Encl.

cc: Clerk of Court (SJ) (by ECF)
   Counsel of Record (by ECF)