

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WK
F.#2009R00579

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 30, 2012

By ECF

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. John Burke
             Criminal Docket No. 09-135 (S-7) (SJ)

Dear Judge Johnson:

      As promised at this morning's charge conference, the government respectfully submits this letter to (1) address the Court's proposed Burden of Proof and Presumption of Innocence instruction and (2) provide a copy of the November 9, 2009 decision, in United States v. Gotti, 08-CR-1220 (S.D.N.Y. 2009), in which the Honorable P. Kevin Castel declined to grant the defendant a surrebuttal at the time of summations.

      Burden of Proof and Presumption
      of Innocence Instruction

      First, with regard to the Burden of Proof Presumption of Innocence instruction, set forth on page 43 of the Court's proposed jury charge, the government requests that the Court replace the current proposed instruction with the instruction from Sand's Modern Federal Jury Instructions.  The Sand charge reads:

> The defendant has pleaded not guilty to the charge[s] in the indictment.  To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge[s] beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, Instr. 4-1.

The Court's current proposed instruction contains the language from the defendant's request to charge (Request No. 3), dated May 25, 2012. While the defendant indicated in Request No. 3 that the language was adapted from Sand, Modern Federal Jury Instructions, Instr. 4-1, the request is in fact very different from Sand's. The government respectfully submits that Sand's Presumption of Innocence and Burden of Proof instruction, as set forth above verbatim, is more balanced and direct than the defendant's request. Accordingly, the government respectfully requests that the Court adopt Sand's instruction instead of the defendant's request.

### Judge Castel's Decision

As promised in the jury charge conference this morning, the government also provides Judge Castel's decision in United States v. Gotti, 08-CR-1220 (S.D.N.Y. 2009), in which the court declined to grant a surrebuttal to the defendant at the time of summations in connection with his withdrawal defense. See Tr. 4815:20-4816:6.

```
                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                         By:      /s/
                              Jacquelyn M. Kasulis
                              Evan M. Norris
                              Whitman G.S. Knapp
                              Assistant U.S. Attorneys
                              (718) 254-6103/6376/6107
```

Encl.

cc: Clerk of Court (SJ) (by ECF)
    Counsel of Record (by ECF)