

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:EMN/JMK/WK
F.#2009R00579

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 7, 2012

By ECF

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: United States v. John Burke
    Criminal Docket No. 09-135 (S-7) (SJ)

Dear Judge Johnson:

  The government respectfully submits this letter to request a supplemental instruction to the jury.  Earlier today, the Court instructed the jury with respect to its deliberations on the racketeering acts in Count One as follows:  "If you have an act that you can't be unanimous on, it has to be 'not proven.'"  Trial Tr. 2449 (June 7, 2012).  The government respectfully submits that the Court's instruction could result in an erroneous verdict in the event that any or all of the racketeering acts are found to be not proved.

  For example, if one juror decides that <u>none</u> of the racketeering acts are proved, and the jury as a whole is thus not unanimous as to any of the racketeering acts, the jury will check "not proved" on the verdict sheet as to <u>every</u> racketeering act in accordance with the Court's instruction.  Those findings could then erroneously lead the jury to believe that it <u>must</u> acquit the defendant of Count One, even if eleven other jurors believe that all of the racketeering acts are proven and that the defendant is guilty of Count One.  In short, if the jury is confused as to the consequences of its findings on the racketeering acts, its verdict could be erroneous.

2

Moreover, if the jury is permitted to non-unanimously find a racketeering act not proven, its determination with respect to that act will necessarily be ambiguous and could have no preclusive effect under the Double Jeopardy Clause.  See United States v. Merlino, 310 F.3d 137, 143 (3d Cir. 2002) (holding that an ambiguous "not proven" determination as to a murder racketeering act in a prosecution for racketeering and racketeering conspiracy did not preclude subsequent reprosecution for the same murder pursuant to 18 U.S.C. § 1959).  For example, if the jury were to conclude that only the two drug and robbery-related racketeering acts were found proved (and the defendant is thus guilty of Count One), but that the three murder-related racketeering acts were found not proved, the defendant could be subject to reprosecution for those three murders as the jury will not have reached a "valid and final judgment" as to those murders.  See id. at 142; see also id. at 139 (". . . Merlino cannot prove that the jury decided in his favor when they checked the 'Not Proven' boxes corresponding to the Sodano murder racketeering acts.  Merlino is, therefore, foreclosed from invoking collateral estoppel to bar his prosecution under the [new] indictment.").  A copy of Merlino is enclosed herewith.

For the foregoing reasons, the government respectfully requests that the Court provide the following supplemental instruction to the jury tomorrow morning:

> Yesterday, you requested instruction on how to proceed in the event that you are not unanimous as to a particular racketeering act in Count One.  I want to give you further instruction in response to your question.  As I previously instructed you before you began your deliberations, in order to find a racketeering act "proved," your verdict must be unanimous.  However, if you cannot agree unanimously as to whether a particular racketeering act is "proved" or "not proved," you should indicate that determination – that is, that you are undecided – on the verdict sheet.  Of course it is desirable if a unanimous verdict can be reached as to all five racketeering acts in Count One, but in the end your verdict must reflect the

conscientious judgment of each juror, and under no circumstances must any juror yield his conscientious judgment.

                        Respectfully submitted,

                        LORETTA E. LYNCH
                        United States Attorney

By:     /s/
     Jacquelyn M. Kasulis
     Evan M. Norris
     Whitman G.S. Knapp
     Assistant U.S. Attorneys
     (718) 254-7000

Encl.

cc:  Clerk of Court (SJ) (by ECF)
     Counsel of Record (by ECF)